UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN FISSEL
139 Grant Drive
Hanover, PA 17331
      Plaintiff

                                       CIVIL ACTION NO.

    v.

NORFOLK SOUTHERN CORPORATION
100 Franklin Road, S.E.
Roanoke, VA 24042
      Defendant.

## COMPLAINT AND JURY DEMAND

COMES NOW the plaintiff, BRIAN FISSEL, by and through his undersigned counsel, and claims of the defendant an amount in excess of the statutory arbitration limits and avers the following:

1. Plaintiff, BRIAN FISSEL, is an adult individual residing in Hanover, PA.

2. Defendant, Norfolk Southern Corporation ("Norfolk Southern"), is and was at all times material hereto a corporation duly organized and existing under and by virtue of law and was engaged in owning and operating a line and system of railroads and railroad properties as a common carrier of goods and passengers for hire in interstate commerce and transportation in, through and between various and several states of the United States and doing business in the Middle District of Pennsylvania.

3. At all times material hereto and for some time prior thereto, plaintiff was in the employ of the defendant as a Conductor in furtherance of the carrier's business of interstate commerce and transportation by railroad.

4. This action is brought pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §§51, et seq., the Federal Safety Appliance Act, 45 U.S.C.A. §§1, et seq., and the Locomotive Boiler Inspection Act, 45 U.S.C.A. §§23, et seq., recodified in 49 U.S.C.A. §§20701, et seq..

5. On or about December 17, 2014, plaintiff was working in the course and scope of his employment as a Conductor for the defendant. After the plaintiff noticed that a switch was lined against the move, he attempted to instruct his Engineer to stop the train, but the Engineer did not hear the radio instruction, and so plaintiff was caused to disembark the moving locomotive, causing plaintiff to sustain significant and permanent injuries to his left ankle.

6. Plaintiff's injuries were caused both directly and proximately by the negligence, gross negligence, carelessness, recklessness and/or unlawful conduct of the defendant, by and through its agents, servants and/or employees and/or its ostensible agents, servants and/or employees in the following respects which include, but are not limited to:

(a) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment;

(b) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by requiring plaintiff to perform his assigned job tasks in an area made unsafe due to the presence of a dangerous condition;

(c) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the plaintiff with proper equipment in order to perform the duties of his employment;

(d) failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to provide the plaintiff with proper training in order to safely perform the duties of his employment;

- 3 -

    (e)    failing to use ordinary care to furnish plaintiff with a reasonably safe place to work and to perform the duties of his employment by failing to properly enforce its own rules;

    (f)    failing to remedy and/or correct the defective, dangerous and/or hazardous conditions, as described above, when the defendant knew or should have known that said conditions existed;

    (g)    failing to use ordinary care to provide proper manpower;

    (h)    failing to use ordinary care to provide safe working conditions;

    (i)    failing to use ordinary care to properly inspect the subject equipment to ensure that same was in reasonably safe condition;

    (j)    failing to comply with governmental and/or other applicable safety regulations and/or guidelines;

    (k)    failing to discover, in the exercise of reasonable care, the defective, dangerous and/or hazardous conditions of the work area and the dangerous working conditions as described above;

    (l)    failing to provide adequate space for plaintiff to work due to the presence of a dangerous condition;

    (m)    failing to warn plaintiff and/or other similarly situated persons that the equipment and/or working conditions were improper, defective and/or otherwise dangerous; and

    (n)    failing to provide plaintiff with a reasonably safe place to work by requiring plaintiff to perform his job duties in the immediate presence of dangerous equipment and/or working conditions which posed an unreasonable risk of harm to plaintiff.

7.    As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was caused to suffer severe

and permanent injuries, severe shock to his nerves and nervous system, aggravation, acceleration and/or activation of any and all pre-existing ailments and/or conditions, and more particularly, but not in limitation of, any other personal injuries he may have sustained, plaintiff suffered injuries to his left ankle, leg and/or lower extremity, by reason of which he has suffered great physical pain and mental distress which he yet suffers and will continue to suffer into the future.

8. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff was obliged to expend significant sums of money for medical treatment and will be required to expend considerable amounts of money into the future for medical care in order to effect a cure and/or a diminution of his injuries.

9. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future significant pain, mental anguish, humiliation and disfigurement and the limitation and restrict of his usual activities, pursuits and pleasures.

10. As a direct and proximate result of the negligence, carelessness, recklessness and/or unlawful conduct of the defendant, as more fully set forth above, plaintiff has suffered in the past and will continue to suffer into the future a loss of earnings and earning capacity as well as additional financial expenses and/or losses.

11. The injuries sustained by plaintiff were caused solely and proximately by the negligence of the defendant, its agents, servants and/or employees and/or its ostensible agents, servants and/or employees and were in no way caused by any act or omission on the part of the plaintiff.

- 5 -

WHEREFORE, plaintiff demands judgment in his favor and against defendant in an amount in excess of the statutory arbitration limits as compensatory damages, together with costs, interest and any further and additional relief that this Honorable Court deems appropriate.

A jury trial is demanded.

Dated: 5/17/16

BARISH ♦ ROSENTHAL

By: _____
Samuel J. Rosenthal, Esquire

# VERIFICATION

I, Brian Fissel, hereby states that I am the Plaintiff herein and verifies that the statements made in the foregoing Complaint are true and correct to the best of my knowledge, information and belief; and that this statement is made subject to the penalties relating to unsworn falsification to authorities.

Date: 5/9/2016

BRIAN FISSEL